UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOSEPH K. NORRIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-cv-00182 |
| CORE CIVIC, et al., | ) ) ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Joseph K. Norris, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Core Civic, Warden Washburn, and Dr. Levck. (Doc. No. 1.) The plaintiff also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 2.) The complaint is before the court for an initial screening, as required by the Prison Litigation Reform Act ("PLRA"). And as explained below, the complaint fails to state a claim upon which relief may granted in its current form, but the plaintiff will be granted an opportunity to file an amended complaint in accordance with the instructions at the end of this order.

### I.  Application to Proceed as a Pauper

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper (Doc. No. 2) and certified trust account statement (Doc. No. 3) reflect that he is unable to pay the full filing fee in advance. Accordingly, the application (Doc. No. 2) is **GRANTED**. The plaintiff is nonetheless required to pay the "full amount of the filing fee," 28 U.S.C. § 1915(b)(1), and so the $350.00 filing fee is **ASSESSED** as follows:

The custodian of the plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to the [plaintiff's] account; or (B) the average monthly balance in the [plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Trousdale Turner Correctional Center in Hartsville, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order. All payments made in compliance with this order must clearly identify the plaintiff's name and the case number as shown on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review

Under the PLRA, the court must review and dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual

allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the allegations in the complaint are difficult to comprehend, given the plaintiff's handwriting and the style of spelling, punctuation, and grammar. Nonetheless, the plaintiff seems to allege several ways in which Trousdale Turner staff have harmed his health and safety. This includes: removing the plaintiff from "Boost drinks" that help him maintain a healthy weight; putting onion or pickle, which he cannot eat, in his food; failing to give him food at the proper meal times; causing him to be stabbed twice by other inmates; failing to give him medication on certain days; giving him ineffective medication; failing to treat his broken hand; and improperly placing him on the "top floor," as heights can increase risks associated with his underlying medical conditions. (Doc. No. 1 at 6–8.) The plaintiff alleges that his medical conditions include sickle cell anemia, seizures, glaucoma, high blood pressure, and psychological problems. (*Id.* at 8.) The plaintiff also alleges that unnamed TTCC staff members have used racial slurs against him, and that he has not received responses to grievances. (*Id.* at 6, 8.)

The plaintiff brings this action under 42 U.S.C. § 1983 to assert claims for the violation of his civil rights. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of*

3

*Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

The plaintiff names three defendants to this action: Core Civic, Warden Washburn, and Dr. Levck. The complaint fails to state a claim under Section 1983 against all three.

First, the Court takes judicial notice that CoreCivic is the private entity contracted to manage Trousdale Turner Correctional Center.[1] Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of [Section] 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, however, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)). And here, the plaintiff does not allege that any of the conduct in the complaint is attributable to a policy or custom of CoreCivic. CoreCivic is thus subject to dismissal as a party at this time.

Next, the plaintiff brings this action against Warden Washburn and Dr. Levck in their individual capacities. (Doc. No. 1 at 2.) But beyond naming them as defendants, the plaintiff does not refer to them again in the complaint. To the extent that the plaintiff seeks to hold either Washburn or Dr. Levck liable based on their positions as supervisors at Trousdale Turner, "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.

---

[1] The court "may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)). The Tennessee Department of Correction website reflects that Trousdale Turner is managed by CoreCivic, a private corrections management firm. *Trousdale Turner Correctional Center*, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center (last visited Mar. 11, 2020).

1999)). A claim against a supervisor "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)).

Here, the plaintiff does not make any factual allegations against Warden Washburn and Dr. Levck, much less allege that they directly participated in any specific instances of unconstitutional conduct. Even under the liberal standards for *pro se* pleadings, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983." *Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Accordingly, Warden Washburn and Dr. Levck are also subject to dismissal from this action.

For all of these reasons, the complaint fails to state a claim against the named defendants. Rather than dismiss the entire action at this time, however, the court will allow the plaintiff an opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Accordingly, the Clerk is **DIRECTED** to mail the plaintiff another blank "Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983."

### III. Instructions to the Plaintiff

To proceed in this action, the plaintiff **MUST** use the form provided to file an amended complaint. Any amended complaint must be received in this court within **28 DAYS** of the date this order is entered on the docket and must include the assigned case number, **No. 3:20-cv-00182**.

In the area designated for identification of defendants, or on a separate page if necessary, the plaintiff should identify all specific individuals against whom he seeks relief for the misconduct

alleged in the complaint. In the area designated for the statement of facts, the plaintiff should clearly explain how the specific actions or inactions of each defendant violated his constitutional rights. If the plaintiff runs out of space on the complaint form, he may attach additional sheets to the complaint form for the purpose of presenting his claims. The plaintiff is reminded that his handwriting should be clear and legible.

The plaintiff is warned that, if he does not comply with these instructions within the specified period of time, the court will dismiss this action for failure to state a claim, failure to comply with the instructions of the court, and failure to prosecute. 28 U.S.C. § 1915(e)(2)(B).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge