# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH K. NORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:20-cv-00182 |
| | ) Judge Trauger |
| **CORE CIVIC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Joseph K. Norris, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 2). On March 13, 2020, the court granted the plaintiff's application to proceed as a pauper, concluded that the Complaint failed to state a claim as presented, and granted the plaintiff 28 days to file an Amended Complaint. (Doc. No. 5.) Pending before the court it the plaintiff's timely Amended Complaint. (Doc. No. 6.) As explained below, this action will now be referred to the Magistrate Judge for further development.

**I.     Background**

In the previous memorandum and order, the court summarized the plaintiff's factual allegations as follows:

> [T]he plaintiff seems to allege several ways in which Trousdale Turner staff have harmed his health and safety. This includes: removing the plaintiff from "Boost drinks" that help him maintain a healthy weight; putting onion or pickle, which he cannot eat, in his food; failing to give him food at the proper meal times; causing him to be stabbed twice by other inmates; failing to give him medication on certain days; giving him ineffective medication; failing to treat his broken hand; and improperly placing him on the "top floor," as heights can increase risks associated with his underlying medical conditions. (Doc. No. 1 at 6–8.) The plaintiff alleges that his medical conditions include sickle cell anemia, seizures, glaucoma, high blood pressure, and psychological problems. (*Id.* at 8.) The plaintiff also alleges

>   that unnamed TTCC staff members have used racial slurs against him, and that he
>   has not received responses to grievances. (*Id.* at 6, 8.)

(Doc. No. 5 at 3.)

The court then concluded that the plaintiff failed to state a claim based on these allegations against the three named defendants: Core Civic, Warden Washburn, and Dr. Levck. As to Core Civic, the plaintiff did not allege that the conduct in the complaint was attributable to a policy or custom of Core Civic. (*Id.* at 4.) And as to Warden Washburn and Dr. Levck, the plaintiff did not allege that they directly participated in any specific instances of unconstitutional conduct. (*Id.* at 4–5.) The court, therefore, informed the plaintiff that this action would be dismissed unless he filed an Amended Complaint addressing these deficiencies. (*Id.* at 5–6.)

## II.  Analysis

The Amended Complaint names the same three defendants as the original Complaint (Doc. No. 6 at 1–2), and fails to state a claim against Core Civic and Warden Washburn for the same reasons the court previously explained (*see* Doc. No. 5 at 4–5). As to Dr. Levck, however, the plaintiff has alleged sufficient facts to avoid dismissal at this stage in the proceedings.

The court must dismiss this action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). In making this determination, the court accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). And because the plaintiff is representing himself, the court must liberally construe his pleadings and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, in relevant part, the Amended Complaint alleges that Dr. Levck refused to provide treatment for the plaintiff's sickle cell anemia and broken hand. (Doc. No. 6 at 7.) Dr. Levck allegedly told the plaintiff he would "not send[ him] out to get [his] hand fix[ed]" and refused to "call [the plaintiff] to medical" or "come see [the plaintiff]," regardless of the plaintiff's sick call requests and the nurses' referrals. (*Id.* at 3.) The plaintiff also alleges that Dr. Levck put him on a diet that made him lose weight. (*Id.*)

The plaintiff brings this action under 42 U.S.C. § 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

The Eighth Amendment imposes a duty on prison officials to provide adequate medical care to convicted prisoners. *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736–37 (6th Cir. 2015) (citing *Estelle*, 429 U.S. at 103). "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle*, 429 U.S. at 104). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the subjective component, a plaintiff must allege that an official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." *Winkler v. Madison Cty.*, 893 F.3d 877, 891 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 837).

Here, the plaintiff's references to his sickle cell disorder are simply too vague to satisfy the objective component of this claim. Although such a disorder certainly may result in serious medical needs, the plaintiff does not explain what symptoms or complications he experiences from it. But based on the plaintiff's broken hand, the court concludes that the plaintiff has alleged the existence of a sufficiently serious medical need. And as to the subjective component of this claim, liberally construing the plaintiff's allegations in his favor, he has also alleged that Dr. Levck was aware of and disregarded this medical need by refusing to provide treatment for his broken hand. Thus, the court will allow this claim to proceed for further development.

The plaintiff's allegations regarding his diet, however, fail to state a claim. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food," *Farmer*, 511 U.S. at 832–33, but "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). The objective component of this claim "requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). And here, the plaintiff alleges that Dr. Levck put him on a diet that caused him to lose weight, but does not explain how much weight he lost or whether his health suffered in any way. The plaintiff, accordingly, will not be permitted to pursue this claim against Dr. Levck.

### III. Conclusion and Instructions to the Plaintiff

For these reasons, the court concludes that the plaintiff has stated an Eighth Amendment claim against Dr. Levck for deliberate indifference to his serious medical need of a broken hand. All other claims and defendants are **DISMISSED**.

4

Case 3:20-cv-00182   Document 8   Filed 04/22/20   Page 4 of 5 PageID #: 80

The court's determination that the plaintiff states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send the plaintiff one service packet (a blank summons and USM 285 form). The plaintiff **MUST** complete a service packet for Dr. Levck and return the completed service packet to the Clerk's Office within **30 DAYS** of the date this order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

The plaintiff is warned that failure to return the completed service packet within the required time period could jeopardize his prosecution of this action, but he may request additional time for complying with this order, if necessary. The plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge