**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSEPH K. NORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00182** |
| | ) | **Judge Trauger/Frensley** |
| **TERRENCE LEVECK, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

Plaintiff Joseph K. Norris, an inmate at Trousdale Turner Correctional Center (TTCC), brings this pro se civil rights action under 42 U.S.C. § 1983. Docket No. 6. Terrence Leveck, M.D., a prison doctor at TTCC, is the only remaining Defendant in the case. *See* Docket No. 8, p. 4. This matter is now before the Court upon Dr. Leveck's Motion for Summary Judgment. Docket No. 24. Dr. Leveck has also filed a Supporting Memorandum, a Declaration and a Statement of Undisputed Facts. Docket Nos. 25, 26, 27. Mr. Norris has filed a letter that the Court will construe as his Response in Opposition. Docket No. 28. For the reasons set forth below, the undersigned recommends that Dr. Leveck's Motion (Docket No. 24) be GRANTED.

## II. PROCEDURAL HISTORY

Mr. Norris filed his original Complaint against Core Civic, Warden Washburn, and Dr. Leveck. Docket No. 1. In conducting the initial screening required by the Prison Litigation Reform Act ("PLRA"), Judge Trauger summarized Mr. Norris's factual allegations as follows:

> [T]he plaintiff seems to allege several ways in which Trousdale Turner staff have harmed his health and safety. This includes: removing the plaintiff from "Boost drinks" that help him maintain a healthy weight; putting onion or pickle, which he cannot eat, in his food; failing to give him food at the proper meal times; causing him to be stabbed twice by other inmates; failing to give him medication on certain days; giving him ineffective medication; failing to treat his broken hand; and improperly placing him on the "top floor," as heights can increase risks associated with his underlying medical conditions. (Doc. No. 1 at 6-8). The plaintiff alleges that his medical conditions include sickle cell anemia, seizures, glaucoma, high blood pressure, and psychological problems. (*Id.* at 8.) The plaintiff also alleges that unnamed TTCC staff members have used racial slurs against him, and that he has not received responses to grievances. (*Id.* at 6, 8).

Docket No. 5, p. 3.

Judge Trauger concluded that Mr. Norris had failed to state a claim based on these allegations, finding that he did not allege that the conduct in the Complaint was attributable to a policy or custom of Core Civic nor that Warden Washburn and Dr. Leveck directly participated in any specific instances of unconstitutional conduct. *Id.* at 4-5. Judge Trauger informed Mr. Norris that his lawsuit would be dismissed unless he filed an Amended Complaint addressing these deficiencies. *Id.* at 5-6.

Mr. Norris filed an Amended Complaint against the same three Defendants. Docket No. 6. Judge Trauger found that the Amended Complaint failed to state a claim against Core Civic and Warden Washburn for the same reasons previously explained in addressing the Original Complaint. Docket No. 8, p. 2, *citing* Docket No. 5. As to Dr. Leveck, Judge Trauger found that Mr. Norris had alleged sufficient facts "to avoid dismissal at this stage in the proceedings," but only as to claims related to Mr. Norris's injured hand. *Id.* at 2-4.

Specifically, Judge Trauger found that "plaintiff's references to his sickle cell disorder are simply too vague to satisfy the subjective component of this claim" and that "plaintiff's

allegations regarding his diet . . . fail to state a claim" because he did not "explain how much weight he lost or whether his health suffered in any way." Docket No. 8, p. 4. Accordingly, Judge Trauger dismissed the claims against Dr. Leveck that related to Mr. Norris's sickle cell disorder or his diet. *Id.*

As to Mr. Norris's hand injury, Judge Trauger found that:

> [Mr. Norris] has alleged the existence of a sufficiently serious medical need. And as to the subjective component of this claim, liberally construing the plaintiff's allegations in his favor, he has also alleged that Dr. Leveck was aware of and disregarded this medical need by refusing to provide treatment for his broken hand. Thus, the court will allow this claim to proceed for further development.

*Id.*

Subsequently, Mr. Norris filed another document ("the Document"), writing on the top line: "This [is] my Amended Complaint." Docket No. 9. In the Document, Mr. Norris makes allegations against Core Civic, Warden Washburn, and Dr. Leveck that are similar to those in his original Complaint. *Compare* Docket Nos. 1, 9. Specifically, Mr. Norris alleges that the staff at TTCC has harmed him by: causing him to lose weight, including by not giving him "Boost drinks" and putting onion in his food; causing him to be stabbed twice; failing to give him certain medications; placing him in a top bunk; and using racial slurs against him. Docket No. 9, p. 1-2. The Document does not refer to or discuss Mr. Norris's broken hand or any claims related to the broken hand. *See i.d.*

Dr. Leveck's Motion for Summary Judgment addresses the claims set forth in the Amended Complaint (Docket No. 6) that Judge Trauger allowed to proceed (those related to Mr. Norris's broken hand) and does not address the allegations laid out in the Document (Docket No.

9). *See* Docket Nos. 24-27. Mr. Norris's Response similarly refers only to claims about his broken hand and does not reference any statements made in the Document. *See* Docket No. 9.

Mr. Norris neither sought nor received permission from the Court to file a second amended complaint. Pursuant to Rule 15, Mr. Norris needed this permission because more than twenty-one days passed between the service of his Amended Complaint (on April 6, 2020) and the Document (on May 12, 2020). Docket Nos. 6, 9; *see* Fed. R. Civ. P. 15(a)(1)(A). The attempted amendment was therefore untimely. Additionally, Rule 12 provides that a court may act on its own to strike from a pleading any redundant, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). As can be seen, the Document is comprised of material that is either redundant or impertinent (irrelevant); further, the claims that Mr. Norris attempts to raise have already been deemed insufficient by Judge Trauger in her initial frivolity review of the original Complaint or dismissed in her order regarding the Amended Complaint. *See* Docket Nos. 5, 8, 9. To the extent that the Document could be considered a pleading, even if it were timely its allegations would not be considered in determining the disposition of Dr. Leveck's Motion for Summary Judgment for the same reasons that the Court could strike the allegations under Rule 12.

## III. <u>FACTS</u>[1]

Mr. Norris first presented to medical providers with complaints regarding his right hand on October 25, 2018. Docket No. 26 (Declaration of Terrence Leveck, M.D.) ¶ 3. On this date, a licensed practical nurse evaluated Mr. Norris based on a report that he was experiencing pain

---

[1] These facts are drawn from Dr. Leveck's Statement of Undisputed Material Facts and Dr. Leveck's sworn Declaration, which are in a form required by Rule 56. Docket Nos. 26, 27. Mr. Norris has not responded directly to either the Statement or the Declaration. As further discussed below, Mr. Norris's Response to the Motion does not contain citations to the record as required by Rule 56 and therefore cannot give rise to a genuine dispute as to a material fact, even if it contradicts Dr. Leveck's evidence. *See* Fed. R. Civ. P. 56(c)(1)(A)-(B).

4

and swelling in his right hand and that he could not move his fingers. *Id.* The nurse ultimately referred Mr. Norris to Dr. Leveck for further evaluation and treatment. *Id.*

Dr. Leveck evaluated the injury to Mr. Norris's right hand on several occasions during his incarceration at the Trousdale Turner Correctional Center, including on October 26, 2018; November 6, 2018; November 29, 2018; December 13, 2018; and January 8, 2019. *Id.* at ¶¶ 4-12. Dr. Leveck ordered an extra pillow, pain medication, a sling, and several x-rays for Mr. Norris and placed several splints on Mr. Norris's right hand. *Id.* Mr. Norris repeatedly removed these splints. *Id.* at ¶ 11-12, 14.

Mr. Norris was sent to offsite medical providers and underwent evaluation of the injury to his right hand on at least two occasions. *Id.* at ¶¶ 9, 13.

On January 9, 2019, a physician at the Vanderbilt University Medical Center (Jaron Sullivan, M.D.) evaluated Mr. Norris's right hand and documented: "He is able to flex and extend the fingers symmetric with no lag of the fifth finger with extension. He . . . does not have any overlap when he performs a composite fist in terms of crossing over the fingers. Sensation is intact to the touch in the radial and ulnar aspect of all digits. There is no skin breakdown or open wounds." Dr. Sullivan concluded: "Right fifth metacarpal neck fracture that is displaced, no functional deficits on clinical exam." *Id.* at ¶ 13. Dr. Sullivan ordered another splint and limited lifting but did not order surgical intervention of any sort. *Id.*

Mr. Norris continued to receive pain medication for months and was also evaluated by several medical providers. *Id.* at ¶ 14. On April 29, 2019, a nurse practitioner evaluated Mr. Norris, who complained that he was supposed to undergo surgery for his fracture. *Id.* The nurse practitioner discussed Mr. Norris's status with Dr. Leveck in May 2019 and reported that Mr. Norris continued to complain of pain despite a full range of motion. *Id.* Dr. Leveck instructed

5

the nurse practitioner to provide Mr. Norris with another splint and obtain another x-ray of Mr. Norris's hand. *Id.*

Mr. Norris underwent an x-ray on June 6, 2019, and the x-ray revealed that his hand had appropriately healed. *Id.* at 15. The radiology report documents that there "are no significant degenerative changes," that there "is no bone abnormality to suggest a recent fracture or dislocation," that there "is interval healing of the fifth metacarpal compared to [November 14, 2018]," and that Mr. Norris has an "[u]nremarkable hand." *Id.* at ¶ 15.

In the ensuing months, Mr. Morris received medical treatment from a number of providers for a number of medical conditions. *Id.* at ¶ 16. There is no documentation of Mr. Norris complaining of issues with his right hand to any provider after June 2019. *Id.*

## IV. LAW AND ANALYSIS

### A. Summary Judgment

When deciding a motion for summary judgment, a court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, the movant must prove the absence of a genuine issue of material fact as to any essential element of the opposing party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 847 (6th Cir. 2016). If the movant meets this burden, the nonmovant must "designate specific facts showing that there is a genuine issue for trial" in order to defeat summary judgment. *Celotex*, 477 U.S. at

6

324 (citations omitted); *see also Shreve v. Franklin Cty.*, 743 F.3d 126, 132 (6th Cir. 2014). The movant will also prevail if the nonmovant fails to make a sufficient showing on an essential element of the case on which the nonmovant has the burden of proof. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (internal citation omitted).

The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits and declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

"A mere scintilla of evidence by the nonmoving party is insufficient to defeat summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 574 n.2 (6th Cir. 2015) (alteration in original), *quoting Anderson*, 477 U.S. at 252. If the nonmoving party presents evidence that is "merely colorable" or "not significantly probative," the motion for summary judgment may be granted. *Anderson*, 477 U.S. at 250.

The court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stiles*, 819 F.3d at 848. At the summary judgment stage, the court's role is to "determine whether there is a genuine issue for trial," not to weigh the evidence and determine the truth of the matters asserted. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016), *quoting Anderson*, 477 U.S. at 249.

7

**B. Eighth Amendment Claims**

Title 42 U.S.C. § 1983 "provides a civil enforcement mechanism for all inmates who suffer constitutional injuries at the hands of '[a]ny person acting under color of state law.'" *Ford v. Cty. Of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008) (alteration in original), *quoting* 42 U.S.C. § 1983. Mr. Norris claims that Dr. Leveck was deliberately indifferent to his serious medical needs, which is a violation of the Eighth Amendment prohibition on cruel and unusual punishment. *See North v. Cuyahoga Cty*, 754 F. App'x 380, 384-85 (6th Cir. 2018); *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

Deliberate indifference has both an objective and a subjective component, requiring "proof that the inmate had a sufficiently serious medical need and that a municipal actor knew of and disregarded an excessive risk to the inmate's health or safety." *North*, 754 F. App'x at 385, *citing Winkler v. Madison Cty.*, 893 F.3d 377, 380-81 (6th Cir. 2018). The objective component "requires that the inmate have a sufficiently serious medical need such that she is incarcerated under conditions posing a substantial risk of serious harm." *Id.*, *quoting Ford*, 535 F.3d at 495 (internal quotation marks omitted). A medical need that has been diagnosed by a physician as "mandating treatment" is a sufficiently serious medical need. *Id.* The subjective component requires that officials had a "sufficiently culpable state of mind" of "deliberate indifference to inmate health or safety." *Id.*, *quoting Farmer*, 511 U.S. at 834 (internal quotation marks omitted).

Deliberate indifference requires more than negligence but does not require proof that the officials intended to cause harm. *Winkler*, 893 F.3d at 891. The plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then

8

disregarded the risk." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (cleaned up, internal quotation marks and citation omitted). "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 447, *quoting Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

### D. **Dr. Leveck's Motion**

Dr. Leveck contends that Mr. Norris has failed to establish the subjective prong of deliberate indifference because Mr. Norris "received a considerable amount of medical treatment from Dr. Leveck during his incarceration at Trousdale, including with respect to the injury that he sustained to his fifth metacarpal." Docket No. 25, p. 7. Dr. Leveck asserts that this treatment has included direct care from Dr. Leveck, including the ordering of an extra pillow, pain medication, and a sling, and the placement of multiple splints, as well as Dr. Leveck arranging for Mr. Norris to be taken to outside physicians for evaluation and treatment of the hand injury. *Id.* at 7-8.

Mr. Norris has not responded to Dr. Leveck's Statement of Undisputed Material facts in a form mandated by Rule 56. Mr. Norris's Response to Dr. Leveck's Motion asserts that his hand is still broken and hurts at times; that Dr. Leveck has seen that his hand has not healed; that Dr. Sullivan, a doctor at Vanderbilt University Medical Center, told him that he needs surgery and will experience life-long arthritis without it, but that Dr. Leveck refuses to arrange for surgery; and that he was never taken to a therapist.[2] Docket No. 28. None of these assertions are

---

[2] While it is not entirely clear, Mr. Norris appears to assert that Dr. Sullivan told him that he needs surgery but also stated that he (Dr. Sullivan) would not perform the surgery and "walked out on" Mr. Norris when Mr. Norris asked why. Docket No. 28, p. 2.

9

accompanied by citations to any material in the record. And, Mr. Norris does not dispute any of the items from Dr. Leveck's Statement of Undisputed Material Facts or Declaration. *See id.*

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1999), *citing Estelle v. Gamble*, 429 U.S. 97 (1976). To make out a claim of deliberate indifference, a plaintiff must show that his or her treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011), *quoting Westlake*, 537 F.2d at 860, n.5 (internal quotation marks and citation omitted). A "difference of opinion between a plaintiff and his doctor regarding his diagnosis and treatment does not state an Eighth Amendment claim." *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004) (cleaned up), *citing Estelle*, 429 U.S. at 107.

It appears that Mr. Norris "has shown nothing more than his disagreement with [Dr. Leveck's] course of action, which is insufficient to support a claim of deliberate indifference." *Weatherspoon v. Dinsa*, No. 12-12756, 2017 U.S. Dist. LEXIS 41288, at *8 (E.D. Mich. Mar. 1, 2017). The Court therefore finds that Dr. Leveck has satisfied his initial burden to demonstrate an absence of any genuine dispute of material regarding an essential element of Mr. Norris's claims against Dr. Leveck, and that Dr. Leveck is entitled to judgment as a matter of law because there is no evidence on which a jury could reasonably find for Mr. Norris that Dr. Leveck displayed a deliberate indifference to Mr. Norris's serious medical need.

## V. **CONCLUSION**

For the foregoing reasons, the undersigned recommends that Dr. Leveck's Motion (Docket No. 24) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

11